UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID W. DEVIN,<br><br>               Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE FINANCIALS, et al.,<br><br>               Defendants. | CASE NO. C20-5220 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendants Countrywide Financials, Merscorp Holdings, Inc., Mortgage Electronic Registration Systems, Inc.'s (collectively "Defendants") motion to dismiss. Dkt. 7. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

On February 10, 2020, Plaintiff David Devin ("Devin") filed a complaint against Defendants in Kitsap County Superior Court for the State of Washington. Dkt. 1-2. Devin asserts numerous causes of action stemming from a note and deed of trust relating to a property Devin alleges he owns in Bremerton, Washington. *Id.*

The parties do not dispute that in 2005 Devin obtained a loan on his property that was secured by a deed of trust. Defendants, however, contend that their involvement

with the loan ended on October 18, 2011 with the execution of an assignment of the deed of trust. Dkt. 7 at 5. Devin does not seem to dispute this contention, but he asserts that he did not discover Defendants' allegedly illegal actions until recently. Dkt. 10 at 3 ("Plaintiff brought this lawsuit within 3 years of coming to know what was really going on.").

On March 9, 2020, Defendants removed the matter to this Court. Dkt. 1.

On March 31, 2020, Defendants filed a motion to dismiss. Dkt. 7. On April 21, 2020, Devin responded. Dkt. 10. On April 24. 2020, Defendants replied. Dkt. 11. On April 28, 2020, Devin filed a surreply. Dkt. 13.[1]

## II.  DISCUSSION

**A.    Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

---

[1] This surreply is stricken because it fails to comply with the local rules. *See* Local Rules W.D. Wash. LCR 7(g) (surreply may only request that the Court strike material improperly submitted with a reply).

*Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**B.  Merits**

Defendants move to dismiss Devin's claims as time-barred or, in the alternative, for failure to state a claim. The Court agrees with Defendants on both issues. First, the claims as alleged are clearly past the applicable statute of limitations. Therefore, the Court grants Defendants' motion on this issue.

Second, even if the claims were not time-barred, Devin fails to provide a "a short and plain statement of [each] claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). For example, his first five causes of actions are merely theories of law without supporting allegations. *See, e.g.*, Dkt. 1-2 at 9 ("1. Tortious Interference with known contract of house Lessors. 2. Right to Quiet Title. 3. Promissory Estoppel."). Therefore, the Court grants Defendants' motion on this issue as well.

**C.  Remedy**

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003). "The law is clear that before a district court may dismiss a pro se complaint for failure to state a claim, the court must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

1     In this case, Defendants request that the Court dismiss the complaint with prejudice. Dkt. 11 at 7–8. Defendants, however, have failed to establish that any amendment would be futile. Although Devin's claims as alleged are time-barred, he has alleged some facts in his response to support the discovery rule exception to the statute of limitations. Thus, the Court must give him leave to amend to allege these facts. *McGuckin*, 974 F.2d at 1055. Moreover, the determination of whether the discovery rule is warranted should be resolved via facts on summary judgment instead of allegations on a motion to dismiss. *See Allen v. State*, 118 Wn.2d 753, 758 (1992) ("The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action.").

    Similarly, the majority of Devin's claims contain no allegations of fact making it impossible to conclude whether any possible amendment could save the claim. Therefore, the Court grants Devin leave to amend.

### III.  ORDER

    Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 7, is **GRANTED** and Devin is **GRANTED** leave to amend. An amended complaint shall be filed no later than August 28, 2020. Failure to timely file an amended complaint or otherwise respond will result in dismissal without prejudice.

    Dated this 11th day of August, 2020.

BENJAMIN H. SETTLE
United States District Judge