1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID W. DEVIN,

                              Plaintiff,

        v.

COUNTRYWIDE FINANCIALS,

                              Defendant.

CASE NO. C20-5220 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

13   This matter comes before the Court on Defendants Countrywide Financials,

14  Merscorp Holdings, Inc, and Mortgage Electronic Registration Systems, Inc.'s

15  ("Defendants") motion to dismiss.  Dkt. 29. The Court has considered the pleadings filed

16  in support of and in opposition to the motion and the remainder of the file and hereby

17  grants the motion for the reasons stated herein.

18   **I.   PROCEDURAL AND FACTUAL BACKGROUND**

19   On February 10, 2020, Plaintiff David Devin ("Devin") filed a complaint against

20  Defendants in Kitsap County Superior Court for the State of Washington.  Dkt. 1-2.

21  Devin asserts numerous causes of action stemming from a note and deed of trust relating

22  to a property Devin alleges he owns in Bremerton, Washington.  *Id*.

1    On March 9, 2020, Defendants removed the matter to this Court.  Dkt. 1.

2    On August 11, 2020, the Court granted Defendants' motion to dismiss and granted

3    Devin leave to file an amended complaint.  Dkt. 29.  On August 29, 2020, Devin filed an

4    amended complaint asserting nine causes of action as follows: (1) tortious interference

5    with business relationship, (2) right to quiet title and adverse possession, (3) promissory

6    estoppel, (4) outrage, (5) false representations concerning title, (6) offering false

7    instruments for filing or record, (7) violations of Washington Consumer Protection Act

8    ("CPA"), (8) violations of Real Estate Settlement Procedures Act ("RESPA"), and (9)

9    unlawful entry.  Dkt. 23.  Devin alleges that in November 2005 he "allegedly" signed a

10   Deed of Trust and Promissory Note for a home in Bremerton, Washington.  In 2007,

11   Devin stopped making payments on the loan.  In 2008, Defendants held four trustee's

12   sales without a buyer.  After that, Devin alleges that the property manager gave Devin the

13   keys to the home stating that Defendants had written off the loan as a bad debt.

14   Devin then rented out the house for the next seven years without interference from

15   a lender or trustee.  However, on April 13, 2016, MTC Financials and Di-Tech Financial

16   placed a Notice of Default on the home under the authority of Bank of New York Mellon.

17   ("BONYM").  Devin's claims are based on the theory of an improper transfer of the

18   alleged note and deed from Defendants to BONYM in October 2011.

19   On September 17, 2020, Defendants filed the instant motion to dismiss the

20   amended complaint, Dkt. 29, and a request for judicial notice, Dkt. 29-1.  On October 9,

21   2020, Defendants filed a notice of non-opposition to their motion because Devin failed to

22   timely respond.  Dkt. 31.  On October 19, 2020, Devin responded to both the motion and

1  the request for judicial notice.  Dkts. 32, 33.  On October 22, 2020, Defendants replied.

2  Dkts. 34, 35.  On October 26, 2020, Devin filed a supplemental response explaining his

3  delay in responding.  Dkt. 36.  On October 27, 2020, Devin filed a declaration.  Dkt. 37.

## II.   DISCUSSION

### A.   Request for Judicial Notice

Defendants request that the Court take judicial notice of the original deed, the October 2011 assignment, and the 2016 notice of default.  Dkt. 29-1.  Devin argues that these documents are at issue and it would be improper to take judicial notice of them. Dkt. 33.  Although the note, deed, and notice of default appear to be authentic, the only relevant document for purposes of this order is the October 2011 assignment, which is a publicly recorded document.  Devin has failed to establish that its authenticity may be questioned.  Therefore, the Court will take judicial notice of the assignment.

### B.   Motion to Dismiss

Defendants move to dismiss Devin's claims because some are frivolous, most are time-barred, and all fail on the merits.  Dkt. 29.  The Court agrees.  First, Devin's claims for false representations concerning title and offering false instruments for filing or record are brought under criminal statutes that do not provide a private right of action. Therefore, the Court grants Defendants' motion on these frivolous claims.  The Court will address the other issues in more detail.

#### 1.   Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of

1    sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*,

2    901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the

3    complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301

4    (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed

5    factual allegations but must provide the grounds for entitlement to relief and not merely a

6    "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

7    *Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim

8    to relief that is plausible on its face." *Id.* at 570.

9              **2.      Statute of Limitations**

10           Defendants argue that Devin's remaining claims are time-barred. Based on the

11   complaint, Devin alleges that Defendants' last act was the assignment of the deed to

12   BONYM in October 2011. Devin filed this complaint in March 2020, which is more than

13   the three-year statute of limitations for a tortious interference claim, promissory estoppel

14   claim, and an outrage claim and more than the four-year statute of limitations for a CPA

15   claim. Dkt. 29 at 5–6. Devin responds relying on the discovery rule and what he

16   "wrongly believed." Dkt. 32. "Under the discovery rule, a cause of action accrues when

17   the plaintiff knew or should have known the essential elements of the cause of action."

18   *Allen v. State*, 118 Wn.2d 753, 757 (1992). The Court agrees with Defendants that the

19   assignment of the deed was a publicly recorded document upon which Devin knew or

20   should have known that Defendants did not write off his note as a bad loan. Therefore,

21   the Court grants Defendants' motion that these claims are time-barred.

22

Regarding Devin's unlawful entry claim, he bases the claim on an alleged entry in 2009 and fails to articulate how it is not time-barred by the six-year statute of limitations for breach of contract.  Therefore, the Court grants Defendants' motion on this claim.

### 3.    Merits

Defendants argue that, even if the claims are not time-barred, they all fail on the merits.  The Court agrees.  First, Devin's tortious interference claim fails because it is based on the acts of other parties.  Devin alleges that the October 2016 notice of default interfered with his landlord-tenant relationship, but Defendants assigned the loan years prior and did not post the notice.  Thus, Devin's claim fails.

Second, Defendants argue that Devin's quiet title and adverse possession claims fail because they are not asserting any possession adverse to Devin.  Although Devin argues that Defendants allegedly asserted a right to the title before the assignment, he fails to establish that this prior claim to title is interfering with any current claim or possession to the title.  Thus, Devin's claim fails.

Third, Defendants argue that Devin's promissory estoppel claim fails because he fails to articulate any legal promise that he relied upon to his detriment.  Devin argues that Defendants made a promise by gifting him the house after the failed trustee sales.  The statute of frauds, however, precludes such an exchange of title by oral representations.  Moreover, it is unclear how Devin relied on this promise to his detriment because he admits that when this promise was allegedly extended he was already delinquent on his mortgage for years and the property had been up for auction at four trustee sales.  BONYM then foreclosed on the property years later after Devin had

1    managed the property as a rental.  Such facts seem fortuitous rather than detrimental.

2    Regardless, the Court agrees with Defendants that this claim fails on the merits.

3            Fourth, Defendants argue that Devin's outrage claim fails because he fails to

4    allege intentional and reckless conduct beyond all possible bounds of decency.  The

5    Court agrees.  At most, Defendants exercised their rights under the deed to transfer it to

6    another party.  Thus, Devin's claim fails.

7            Fifth, Defendants argue that Devin's CPA claim fails because he fails to identify

8    any unfair and deceptive action that caused him injuries.  Devin's claim is based on

9    allegations that the original lender in 2007 was fraudulent and Defendants "robo-signed"

10   the October 2011 assignment.  Devin, however, fails to establish how these alleged facts

11   actually caused him injury or preclude his obligations under the original note or deed.

12   Thus, Devin's claim fails.

13           Finally, Defendants argue that Devin's RESPA claim fails because they were not

14   required to respond to a qualified written request in 2019.  The Court agrees.  Thus,

15   Devin's claim fails.

16       **4.    Relief**

17           Where the plaintiff has previously been granted leave to amend, as in this case,

18   and has subsequently failed to add the requisite particularity to its claims, "[t]he district

19   court's discretion to deny leave to amend is particularly broad."  *In re Read–Rite*, 335

20   F.3d 843, 845 (9th Cir. 2003) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079,

21   1097–98 (9th Cir. 2002)).  Moreover, most of Devin's claims fail on the merits and any

22   amendment would be futile.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048,

1052 (9th Cir. 2003) ("the court should grant the plaintiff leave to amend unless

amendment would be futile.").  Thus, the Court denies Devin leave to amend his

complaint a second time.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 29, is

**GRANTED** and Devin's claims are **DISMISSED with prejudice**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 17th day of November, 2020.


BENJAMIN H. SETTLE
United States District Judge