```
 1
 2
 3
 4
 5                       UNITED STATES DISTRICT COURT
 6                      WESTERN DISTRICT OF WASHINGTON
                                   AT TACOMA
 7
    DAVID W DEVIN,                         CASE NO. C20-5220BHS
 8
                        Plaintiff,         ORDER
 9         v.

10  COUNTRYWIDE FINANCIALS, et al.,

11                      Defendants.

12
```

13        THIS MATTER is before the Court on *pro se* plaintiff Devin's Motion to Reopen

14 Case under Fed. R. Civ. P. 59(e), Dkt. 40. The Court Granted Defendants' Motion to

15 Dismiss, Dkt. 29, on November 17, 2020. Dkt. 38. Devin's Motion was filed 28 days

16 later. It would therefore be timely under Rule 59, but it is not a motion for a new trial or

17 to alter or amend the Court's judgment closing the case. It is instead a Motion for

18 Reconsideration of the Court's prior Order, based on the same arguments he made in

19 response to the underlying motion. *See* Dkts. 32 and 33.

20        Under Local Rule 7(h)(2), a motion for reconsideration must be filed within 14

21 days of the order. Under Local Rule 7(h)(1), motions for reconsideration are disfavored,

22 and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling,

ORDER - 1

1    or (b) facts or legal authority which could not have been brought to the attention of the

2    court earlier, through reasonable diligence. The term "manifest error" is "an error that is

3    plain and indisputable, and that amounts to a complete disregard of the controlling law or

4    the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

5         Reconsideration is an "extraordinary remedy, to be used sparingly in the interests

6    of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*,

7    229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted,

8    absent highly unusual circumstances, unless the district court is presented with newly

9    discovered evidence, committed clear error, or if there is an intervening change in the

10   controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

11   873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil

12   Procedure, which allow for a motion for reconsideration, is intended to provide litigants

13   with a second bite at the apple. A motion for reconsideration should not be used to ask a

14   court to rethink what the court had already thought through—rightly or wrongly.

15   *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere

16   disagreement with a previous order is an insufficient basis for reconsideration, and

17   reconsideration may not be based on evidence and legal arguments that could have been

18   presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*,

19   363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is

20   committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes &*

21   *Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

22

1   Devin's Motion is not timely, and it does not meet this standard. Even if it was
2   properly before the Court under Rule 59, Devin has not established the Order was clearly
3   erroneous, that it was manifestly unjust, or that some new controlling authority requires a
4   different result. *See Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008) (quoting
5   *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

Devin's Motion, Dkt. 40, is DENIED, and this case remains CLOSED.

**IT IS SO ORDERED**.

Dated this 19th day of February, 2021.

BENJAMIN H. SETTLE
United States District Judge